PER CURIAM.
Linzy Chavers appeals the trial court’s order summarily denying his rule 3.850 motion for postconviction relief. We affirm in part and reverse in part.
Following a jury trial, defendant was found guilty of selling a substance in lieu of a controlled substance. According to the instant motion, an Officer Castelli testified to arresting defendant in a convenience store after he sold suspect crack cocaine to an undercover officer in the store’s parking lot, and that no other arrests were made at the same time.
Defendant claimed that his trial counsel was ineffective in failing to investigate two potential witnesses for the defense and in failing to utilize exculpatory videotapes. The trial court explained in its summary denial of both grounds that even if defendant’s assertions were true, there was no basis to believe that, if defense counsel had accomplished the tasks, the outcome of the trial would have been affected. The court concluded: “The evidence at the trial was clear and unambiguous that the defendant was selling fake cocaine on the public streets of Riviera Beach and that some of the buyers were undercover police officers.” No portions of the record, however, were attached to support this conclusion.
We agree with the State’s position that defendant’s first claim was legally insufficient. Defendant alleged that counsel should have called the following two defense witnesses: an Officer Morris, who would have testified that another suspect, Peter Albert Miller, was also arrested on the same date, and Miller, who would have corroborated defendant’s trial testimony (that it was Morris who arrested him).[1] Defendant failed to explain how the omission of these witnesses prejudiced the outcome of the trial; even if his own trial testimony would have been corroborated and Castelli’s impeached, he did not explain why testimony as to precisely which officer arrested him and whether or not anyone else was arrested at the same time had anything to do with whether he was guilty as charged.
We reverse, however, as to the second ground wherein defendant claimed counsel was ineffective in failing to utilize exculpatory videotapes that were discussed in discovery. He alleged that during the course of discovery, two videotapes were found that clearly showed the crime scene and the true suspect who made the alleged sale of suspect cocaine. He claimed that the videotapes would have exonerated him of the instant offense, and he stated that he asked his attorney to move to have them placed into evidence. This claim is legally sufficient and should not have been summarily denied without the attachment of portions of the record conclusively refuting it. See Fla. R.Crim. P. 3.850(d).
Affirmed in part, reversed in part, and remanded for further proceedings.
WARNER, POLEN and STEVENSON, JJ., concur.

. In his reply to the State's response to this court's order to show cause, defendant added the information that Miller was arrested along with him as a suspect in the crime and could have confirmed defendant’s claim that he was not guilty.